LUPER SCHUSTER, J., concurring in part and dissenting in part.
{¶ 60} I agree with the majority's resolution of the division's first, second, and fourth assignments of error. However, because I am unable to agree with the majority's resolution of the division's third assignment of error, I respectfully concur in part and dissent in part.
{¶ 61} In sustaining the division's third assignment of error, the majority seems to conclude the trial court exceeded its authority in determining which expert witnesses to rely on and fashioning an order based on the recommendations of those experts. I find this conclusion to be inconsistent with the majority's resolution of the division's first assignment of error. In its resolution of the first assignment of error, the majority concluded that "[w]hen R.C. 1509.36 and 1509.37 are considered together, notwithstanding the fact that ODNR Oil & Gas has 'sole and exclusive authority' to regulate oil and gas, a common pleas court, sitting in an appellate capacity, is essentially empowered to make any order the Chief could have made." (Majority Decision at ¶ 27.) I agree with the majority's interpretation of R.C. 1509.36 and 1509.37.
{¶ 62} As the majority additionally notes, an appellate court sitting in an appellate capacity reviews a decision of the commission to determine whether the decision was reasonable and lawful. Simmers v. N. Royalton , 10th Dist., 2016-Ohio-3036, 65 N.E.3d 257, ¶ 21. If the common pleas court finds the order of the commission to be unreasonable or unlawful, the common pleas court "shall vacate the order and *403 make the order that it finds the commission should have made." R.C. 1509.37 ; Simmers at ¶ 22. On appeal to this court, then, our review is whether the common pleas court abused its discretion. Simmers at ¶ 24, citing Childs v. Oil & Gas Comm. , 10th Dist. No. 99AP-626, 2000 WL 311924 (Mar. 28, 2000).
{¶ 63} After concluding in its discussion of the division's first assignment of error that the common pleas court had the authority, pursuant to R.C. 1509.37, to issue an order the Chief could have made, the majority then concludes in its analysis of the division's third assignment of error that the common pleas court abused its discretion by reviewing the expert testimony to fashion an order it believed the Chief should have made. I find this conclusion deviates from the standard of review specified in the statutes and reiterated by the majority.
{¶ 64} Instead, I would conclude that the trial court did not abuse its discretion either in determining the order of the commission was unreasonable or in fashioning an order the Chief should have made. Though the majority is correct that the common pleas court must first review an order of the commission to determine whether it is unreasonable or unlawful, that review does not end the analysis. The second prong of the common pleas court's review is that, once it finds an order of the commission to be unlawful or unreasonable, the common pleas court must then fashion an order that the Chief should have made. The majority's resolution of the division's third assignment of error seems to suggest the common pleas court erred by engaging in the same two-step process that the statute directs the common pleas court it must engage. I cannot agree with this conclusion.
{¶ 65} In fashioning the order, I would conclude the common pleas court acted well within its discretion to examine the evidence before it, including the expert testimony presented, and to rely on that evidence to create an order that would be within the scope of authority of the Chief. Because the majority reaches an opposite conclusion, I respectfully dissent.